IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

Assigned on Briefs March 25, 2015

**STATE OF TENNESSEE v. TRAVIS WARE**

**Appeal from the Criminal Court for Bradley County**

**Nos. 95064, 95036, 96256, 96256, 96257      Sandra Donaghy, Judge**

_____

**No. E2014-02014-02172-CCA-R3-CD-FILED-AUGUST 5, 2015**

_____

NORMA MCGEE OGLE, J., dissenting.

I respectfully disagree with the majority's conclusion that a petitioner is not entitled to seek relief under Rule 36.1 when his sentence has been fully served. "On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty." State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. at Jackson, Dec. 8, 2014). This court has repeatedly quoted with approval the following language from the

concurring in results only opinion written by Judge Woodall and joined by Judge Glenn in State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *3-4 (Tenn. Crim. App. at Knoxville, Dec. 26, 2014):

> Rule 36.1 was promulgated and adopted by the Tennessee Supreme Court in an order filed December 18, 2012, and Rule 36.1 was subsequently "ratified and approved [by the Tennessee General Assembly] by House Resolution 33 and Senate Resolution 11." Compiler's Notes, Tenn. R. Crim. P. 36.1. This rule, authored by our supreme court and ratified and approved by the Tennessee General Assembly, begins with the following clear and unambiguous words:
>
> > Either the defendant or the state may, *at any time*, seek correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.
>
> Tenn. R. Crim. P. 36.1(a) (emphasis added).

To me "at any time" means what it says, whether before or after sentences have been fully served. If our supreme court had intended for Rule 36.1 relief to not be available when the challenged sentences have been fully served, that specification would have been clearly stated. If the General Assembly had desired the restriction in the rule, one or both houses of the General Assembly would have refused to ratify and approve Rule 36.1 as it is written.

It is my respectful opinion that even if (1) I disagree with some or all of Rule 36.1's provisions, and (2) I believe the consequences of the rule can ultimately and unfairly lead to trial courts in Tennessee vacating decades' old convictions, as a judge on an intermediate appellate court I must apply the plain meaning of Rule 36.1.

See State v. Nickelle N. Jackson, No. W2014-02445-CCA-R3-CD, 2015 WL 4241074, at *6 (Tenn. Crim. App. at Jackson, July 14, 2015); Marcus Deangelo Lee v. State, No. W2014-00994-CCA-R3-CO, 2015 WL 2330063, at *3 (Tenn. Crim. App. at Jackson, May 13, 2015).

I agree with Judge Woodall's eloquent analysis. I would also note that in the instant

- 3 -

case, the trial court's order contains a specific finding that the petitioner was on bail at the time he committed the offense. Accordingly, in the instant case, I would remand the case to the trial court for appointment of counsel and a hearing on the petitioner's motion.

_____

NORMA MCGEE OGLE, JUDGE